678 S.E.2d 470

**Michael O'Dell DENNIS, Petitioner Below, Appellant**

v.

**STATE of West Virginia, DIVISION OF CORRECTIONS, Teresa Waid, Warden, Huttonsville Correctional Center, Respondents Below, Appellees.**

**No. 34273.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 25, 2009.

Decided May 14, 2009.

Andrew M. Price, Esq., Smith, Price & Pangburn, Wheeling, WV, for Appellant.

Scott R. Smith, Esq., Prosecuting Attorney, Wheeling, WV, for Appellees.

Darrell V. McGraw, Jr., Esq., Attorney General, John H. Boothroyd, Esq., Assistant Attorney General, Charleston, WV, for Amicus Curiae, West Virginia Parole Board.

PER CURIAM.

Michael O'Dell Dennis, the appellant, appeals the April 3, 2008, order of the Circuit Court of Ohio County that denied the appellant's habeas corpus petition in which the appellant challenged his sentence. Because we find that the circuit court's order is insufficient for meaningful review, we reverse and remand for the circuit court to make specific findings of facts and conclusions of law to support its ruling.[1]

---

1. We acknowledge the contribution in this case of the West Virginia Parole Board which filed an amicus curiae brief with this Court. The Parole Board states that its sole objective below was to

## I.

### FACTS

The facts as set forth in the parties' pleadings are as follows. The appellant was convicted by jury trial in the Circuit Court of Ohio County in August 2002, of the offenses of kidnaping, second degree robbery, two counts of second degree sexual assault, violating a protective order, and domestic battery. The appellant received a life sentence with mercy for kidnaping, a five-to-eighteen-year sentence for second degree robbery, a ten to twenty-five-year sentence for each second degree sexual assault conviction, a one-year sentence for violation of a protective order, and a one-year sentence for domestic battery. The kidnaping and sexual assault sentences were ordered to run consecutively and the remaining sentences to run concurrently with the kidnaping and sexual assault sentences.

The appellant appealed his convictions to this Court, and in the opinion of *State v. Dennis*, 216 W.Va. 331, 607 S.E.2d 437 (2004), this Court reversed the convictions for sexual assault and robbery, and affirmed the remaining convictions. On remand, the State recharged the appellant with two counts of sexual assault and one count of robbery in the second degree. On March 24, 2006, the appellant entered a plea of guilty to second degree robbery, and the State dismissed the sexual assault charges with prejudice.[2] By order entered on April 12, 2006, the Circuit Court of Ohio County again sentenced the appellant to five-to-eighteen years for second degree robbery. However, the court ordered that the sentence of five to eighteen years is to run consecutively with the kidnaping sentence in contrast to the original second degree robbery sentence which was to run concurrently with the kidnaping sentence. In regard to credit for time served on the original second degree robbery sentence, the order indicates "the Defendant shall receive credit for the time he has served to this point, beginning on July 23, 2001, and ending on March 24, 2006." The order indicates further that

Whereupon, the Court was asked by the Defendant to make a finding that the Defendant was entitled to credit for "concurrent time" served since the time the Defendant was sentenced on September 19, 2002 for "Robbery in the Second Degree." Counsel for the State objected, and the Court did NOT make the finding requested by the Defendant. The Court further indicated that the issue should be determined by the W. Va. Division of Corrections.

The appellant now asserts that he learned sometime in September 2006 that he did not receive credit from the Parole Board for the time he had served on the original second degree robbery sentence. According to the appellant, it is the position of the Parole Board that the appellant will not be eligible for parole until July 25, 2016. Apparently, the Parole Board arrived at this date by adding the remaining portion of the minimum sentence for kidnaping, which expires in July 2011, to the full five year minimum sentence for second degree robbery. Therefore, it appears that the Parole Board has not granted to the appellant any credit for time served on the original second degree robbery sentence.

Thereafter, the appellant brought a declaratory judgment and mandamus action in the Circuit Court of Kanawha County in which he challenged the Parole Board's failure to credit him with time served on the original second degree robbery sentence. By order of March 21, 2007, the court denied the relief sought. The circuit court based its decision on the finding that it lacked jurisdiction to grant a declaratory judgment in the appel-

---

carry out the written terms of the circuit court's sentencing order, and that it takes no position regarding the merits of the appellant's challenge to the lawfulness of the sentencing order.

**2.** The appellant's plea was entered pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987). According to Syllabus Point 1 of *Kennedy*,

An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.

lant's favor because the Parole Board is required to give effect to sentencing orders as written. Therefore, a declaration on behalf of the appellant would be of no "practical assistance in setting the underlying controversy to rest." In addition, the circuit court denied a writ of mandamus on the basis that the appellant failed to show that he had a clear legal right or that the Parole Board had a clear legal duty to provide the appellant with the requested relief. The appellant subsequently appealed the circuit court's decision to this Court, and this Court refused the petition for appeal.

The appellant subsequently filed a petition for a writ of habeas corpus in the Circuit Court of Ohio County in which he sought relief from the Parole Board's failure to credit him for time served on the original second degree robbery sentence. The appellant also argued that the court's sentence violated constitutional principles because his robbery sentence after his appeal is greater than the original sentence in that it runs consecutively to the kidnaping sentence and not concurrently. The appellant requested that his parole date be re-established to credit his second degree robbery sentence with the time served on the original sentence, or that his sentence be amended so that the second degree robbery sentence runs concurrently to the kidnaping sentence.

By order dated April 3, 2008, the Circuit Court of Ohio County denied the habeas relief sought by the appellant. The appellant now appeals the April 3, 2008, order.

## II.

### STANDARD OF REVIEW

We are called upon in this case to review the circuit court's denial of the appellant's petition for habeas relief.

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syllabus Point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). This Court specifically has held that "[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." Syllabus Point 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975). With these standards to guide us, we now proceed to our discussion of this case.

## III

### DISCUSSION

The appellant's first assignment of error is that the circuit court erred in dismissing his habeas corpus petition without making any of the necessary findings to support the dismissal. We agree.

West Virginia Code § 53–4A–7(c) (2008) provides, in part, that

When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief, as the case may be, the court shall enter an appropriate order.... In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

In addition, Rule 4(c) of the Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia indicates, in part, that

The [habeas corpus] petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been

previously and finally adjudicated and/or waived.

Finally, this Court has held that

West Virginia Code section 53–4A–7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined.

Syllabus Point 1, *State ex rel. Watson v. Hill,* 200 W.Va. 201, 488 S.E.2d 476 (1997).

The appellant has raised grounds for relief that are cognizable in habeas corpus.[3] Specifically, the appellant claims that the sentencing court violated Federal and State Constitutional prohibitions against double jeopardy by depriving him of credit for time served on his original robbery conviction. The appellant also asserts that the sentencing court violated the Federal and State Constitutions by imposing upon re-conviction a longer prison sentence than he originally received. The portion of the circuit court's order disposing of the appellant's habeas corpus petition reads in its entirety:

In accord with the requirements of Rule 4(c) of the West Virginia Rules Governing Post Conviction Habeas Corpus, this Court has examined the Petition and the underlying criminal matters and has concluded the grounds for relief the Petitioner has asserted have been previously and finally adjudicated or waived.

Accordingly, the Court has concluded the Petition should be dismissed without a hearing and struck from the active docket of this Court with the objection of the Petitioner saved to the Court's ruling.

Clearly, the circuit court's order lacks the requisite findings of fact and conclusions of law that permit meaningful review by this Court.[4] We only can speculate from the appellant's brief and the State's response the possible bases for the circuit court's decision. However, "[t]he mission of the appellate judiciary is neither to mull theoretical abstractions nor to practice clairvoyance." *State v. Miller,* 194 W.Va. 3, 14, 459 S.E.2d 114, 125 (1995), *quoting Moore v. Murphy,* 47 F.3d 8, 10 (1st Cir.1995). We previously have recognized that "in most circumstances the failure to make specific findings of fact and conclusions of law regarding an issue raised in habeas proceedings ... necessitate[s] a remand[.]" *State v. Warden, W. Va. Penitentiary,* 207 W.Va. 11, 19, 528 S.E.2d 207, 215 (1999). This is certainly the case here.

### III.

### CONCLUSION

For the reasons set forth above, we reverse the circuit court's April 3, 2008, order summarily dismissing the appellant's habeas corpus petition, and we remand for the circuit court to make specific findings of fact and conclusions of law in support of its ruling that the appellant waived and previously adjudicated each ground for relief advanced in his habeas corpus petition.

Reversed and remanded.

---

**3.** Our post-conviction habeas corpus statute provides that a person may seek relief from an improper sentence by filing a petition for a writ of habeas corpus ad subjiciendum. *See* W. Va. Code § 53–4A–1(a) (1967).

**4.** We also are unaided by the brief record below and the cursory nature of the State's response brief.