# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.J.C. for Expungement of Records**

**No. 19-0868** (Kanawha County 19-P-259)

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner J.J.C., by counsel Alan L. Pritt, appeals the Circuit Court of Kanawha County's August 26, 2019, order denying his petition for expungement.[1] The State of West Virginia, by counsel Scott E. Johnson, filed a response asserting that because the circuit court's order is insufficient as a matter of law, this Court should remand this case to the circuit court with directions to enter an order containing appropriate findings of fact and conclusions of law. On appeal, petitioner argues that the circuit court erred in (1) finding that it had discretion as to whether to grant petitioner's petition for expungement; (2) failing to determine that the petition was insufficient; (3) in finding that, as a matter of law, petitioner was not entitled to expungement; and (4) denying the petition without holding a hearing.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for specific findings of fact and conclusions of law regarding petitioner's "Petition for Expungement of Criminal Records."

Petitioner was indicted by a Kanawha County grand jury in May of 2005 on two counts of operating or attempting to operate a clandestine drug laboratory and one count of conspiracy to operate a clandestine drug laboratory. Petitioner entered into a global plea agreement whereby he pled guilty to two counts of operating or attempting to operate a clandestine drug laboratory and one count of conspiracy to operate a clandestine drug laboratory in Kanawha County, and the State agreed to dismiss similar charges in Putnam County that arose from the same set of facts. Upon

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. See *In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the entry of his pleas, petitioner was sentenced to one to five years of incarceration on the conspiracy conviction and two to ten years on each count of operating or attempting to operate a clandestine drug laboratory, said sentences to run concurrently. After serving a period of incarceration, petitioner was placed on parole in October of 2007 and was discharged from the West Virginia Division of Corrections and Rehabilitation in December of 2008.

On July 3, 2019, petitioner filed a "Petition for Expungement of Criminal Records" and a memorandum in support thereof. Petitioner asked the circuit court to summarily grant his expungement request or, alternatively, set the matter for a hearing and allow him the opportunity to argue his case in accordance with West Virginia Code § 61-11-26(i). The circuit court denied that motion by order entered on August 26, 2019. The entirety of that order provides as follows:

> The Court, having carefully reviewed the Petitioner's Petition for Expungement of Criminal Records as Provided Under W. Va. Code Chapter 61, Article 11, Section 26, as last amended does hereby **DENY** said Petition for Expungement in that the Petitioner entered pleas of guilty to Operating or Attempting to Operate a Clandestine Drug Laboratory and Conspiracy to Operate a Clandestine Drug Laboratory as contained in Felony Number 05-F-177 and the Court has discretion on whether a petition of expungement is granted.

Petitioner appeals from that August 26, 2019, order.

We begin our analysis by noting that "[t]his Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syl. Pt. 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017). On appeal, petitioner asserts four assignments of error. In his first three assignments of error, he argues that the circuit court abused its discretion and erred in denying his petition for expungement. In his fourth assignment of error, petitioner contends that the circuit court erred in summarily denying the petition without holding a hearing.

Here, the State concedes that the circuit court's order lacks appropriate findings of fact and conclusions of law supporting its decision that would allow this Court to consider petitioner's allegations of error. *See Dennis v. State Div. of Corr.*, 223 W. Va. 590, 593, 678 S.E.2d 470, 473 (2009) ("Clearly, the circuit court's order lacks the requisite findings of fact and conclusions of law that permit meaningful review by this Court."). As this Court has found,

> [w]ithout findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010).

We, therefore, vacate the circuit court's August 26, 2019, order denying petitioner's "Petition for Expungement of Criminal Records." Upon remand, the circuit court shall set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review in the

2

event that petitioner elects to file an appeal.[2]

Vacated and remanded.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Chief Justice Tim Armstead

---

[2]Because we are unable to undertake meaningful appellate review of the court's order, as set forth above, and because we are remanding the matter for the entry of an order containing appropriate findings of fact and conclusions of law, we find it unnecessary to rule on petitioner's specific assignments of error set forth in this appeal.