**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0376** (Ohio County 14-F-75)

**Thomas M.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Thomas M., a self-represented litigant, appeals the Circuit Court of Ohio County's April 28, 2021, order denying his "Motion for Reduction of Sentence."[1] The State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response asserting that because the circuit court's order is insufficient as a matter of law, this Court should remand this case to the circuit court with directions to enter an order containing appropriate findings of fact and conclusions of law. On appeal, petitioner alleges that the circuit court abused its discretion in denying his motion to reduce his sentence by not including the requisite findings of fact and conclusions of law.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for specific findings of fact and conclusions of law regarding petitioner's "Motion for Reduction of Sentence."

Petitioner was indicted by a grand jury in September of 2014 on two counts of first-degree sexual assault; one count of first-degree sexual abuse; and one count of sexual abuse by a parent, guardian, or custodian. Petitioner entered into a plea agreement whereby he entered an

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

*Alford/Kennedy*[2] plea to one count of first-degree sexual assault, and the State agreed to dismiss the remaining charges. Upon the entry of his plea, petitioner was sentenced in March of 2015 to an indeterminate term of fifteen to thirty-five years of incarceration.

Later in March of 2015, petitioner, by counsel, filed a "Motion for Reduction of Sentence" in which he asked the circuit court to allow him to serve probation after he had served five years of incarceration—beginning in April of 2019. As a basis for his request, petitioner cited West Virginia Code § 62-12-2, which permits "[a]ll persons who are found guilty of or plead guilty to any felony, the maximum penalty for which is less than life imprisonment . . . are eligible for probation." The circuit court denied that motion by order entered on April 28, 2021.[3] The order provides, in pertinent part, as follows:

> This matter comes before the Court on Defendant Thomas M[]'s Motion for Reduction of Sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure filed March 4, 2015. The Court has reviewed the Motion, the court file, and the relevant legal authority, and has determined that the said Motion is not well taken. It is accordingly
>
> **ORDERED** that Defendant's Motion for Reduction of Sentence shall be and is hereby DENIED. . . .

Petitioner appeals from that April 28, 2021, order.

Our standard of review of an order ruling on a Rule 35 motion has been stated as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of

---

[2]Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

[3]Here, we note that there was a six-year delay in the circuit court issuing its order. No explanation for the circuit court's inordinate delay appears in the record. We remind the court that Rule 35(b) requires a circuit court to rule on a motion for reduction for sentence within "a reasonable time." While the reason for the delay is unclear, we further note that "[w]hen a trial court fails to act on a motion timely filed by a defendant under Rule 35(b) . . . by reason of an administrative error, any resultant delay cannot, as a matter of law, be an unreasonable delay barring Rule 35(b) relief." Syl. Pt. 4, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

2

law and interpretations of statutes and rules are subject to a *de novo* review." Syl. pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

*State v. Tex B.S.*, 236 W. Va. 261, 264, 778 S.E.2d 710, 713 (2015).

On appeal, petitioner argues that the circuit court abused its discretion in denying his motion to reduce his sentence by not including the requisite findings of fact and conclusions of law. Here, the State agrees with petitioner that the circuit court's order lacks appropriate findings of fact and conclusions of law supporting its decision under Rule 35(b) that would allow this Court to consider petitioner's allegations of error. *See Dennis v. State Div. of Corr.*, 223 W. Va. 590, 593, 678 S.E.2d 470, 473 (2009) ("Clearly, the circuit court's order lacks the requisite findings of fact and conclusions of law that permit meaningful review by this Court."). As this Court has found,

> [w]ithout findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010).

We, therefore, vacate the circuit court's April 28, 2021, order denying petitioner's "Motion for Reduction of Sentence." Upon remand, the circuit court shall set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review in the event that petitioner elects to file an appeal.

Vacated and remanded.

**ISSUED:** August 31, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3