**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Alan L. Hicks,**
**Petitioner Below, Petitioner**

**v.)  No. 25-351** (Putnam County CC-40-1997-C-369)

**Jonathan Frame, Superintendent,**
**Mount Olive Correctional Complex and Jail,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Alan L. Hicks appeals the Circuit Court of Putnam County's April 22, 2025, order denying his petition for a writ of habeas corpus.[1] On appeal, the petitioner argues that the habeas court erred in denying him habeas relief through an insufficient order that lacked findings of fact and conclusions of law. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's April 22, 2025, order and remanding the case for entry of a new order setting forth findings of fact and conclusions of law sufficient to allow meaningful appellate review is appropriate,  in accordance with the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

In November 1986, the petitioner was indicted for first-degree murder. By 1988, he had also been indicted for aggravated robbery and conspiracy to commit murder. Following a jury trial, the petitioner was convicted of first-degree murder, conspiracy to commit murder, and grand larceny. The trial court sentenced the petitioner to life imprisonment without mercy for his conviction of first-degree murder, one to five years of imprisonment for his conviction of conspiracy to commit murder, and one to ten years of imprisonment for his conviction of grand larceny, to be served concurrently. The petitioner filed a direct appeal, which was denied by this Court.

In November 1997, the petitioner filed a petition for a writ of habeas corpus and requested appointment of counsel. After numerous delays, the petitioner filed a petition for a writ of mandamus with this Court in May 2018, asking the Court to direct the habeas court to resolve the petitioner's habeas petition. In January 2019, this Court issued a rule to show cause, after which the habeas court took steps to appoint the petitioner new counsel and schedule a status hearing. Consequently, this Court dismissed the petitioner's mandamus petition.

---

[1] Petitioner appears by counsel Olivia M. Lee, and respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Mary Beth Niday.

1

However, the petitioner's habeas case remained pending with no action taken by either counsel or the habeas court. The petitioner filed a federal habeas petition in the United States District Court for the Southern District of West Virginia in November 2021. Then, in September 2022, a status hearing was finally held in the petitioner's state habeas matter. In March 2023, the district court dismissed the petitioner's federal habeas case for failure to exhaust his state remedies. *See Hicks v. Ames*, No. 3:21-cv-0618, 2023 WL 2711634 (S.D.W. Va. Mar. 30, 2023) (memorandum opinion and order).

The petitioner appealed the district court's order to the Fourth Circuit Court of Appeals. The Fourth Circuit set oral argument for March 19, 2025. After oral argument in the federal habeas case, the habeas court issued an order, dated April 22, 2025, summarily dismissing the petitioner's state habeas claim through one sentence: "Motion to Dismiss filed by Kanawha County Prosecuting Attorney is hereby GRANTED."[2] The petitioner now appeals this order.[3]

On appeal, the petitioner argues, and the respondent agrees, that the habeas court erred in dismissing the petitioner's state habeas petition without adequate findings of fact and conclusions of law. Accordingly, both parties request that this case be remanded to the habeas court for entry of a new order. Typically, our review of a court's order denying habeas relief is for an abuse of discretion; we review underlying findings of fact under a clearly erroneous standard and questions of law de novo. Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Regarding habeas petitions generally, we have held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law *relating to each contention advanced by the petitioner*, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997) (emphasis added); *see also Markley v. Coleman*, 215 W. Va. 729, 734, 601 S.E.2d 49, 54 (2004) ("In deciding to grant or deny relief, circuit courts must make adequate findings of fact and conclusions of law related to the petitioner's habeas corpus allegations.").

Without findings concerning each of the petitioner's claims, this Court is unable to determine whether the circuit court abused its discretion by denying the habeas petition. *See Province v. Province*, 196 W. Va. 473, 483 n.19, 473 S.E.2d 894, 904 n.19 (1996) ("Where we are provided only legal conclusions unsupported by specific facts . . . a reviewing court simply is unable to determine whether or not the conclusion is an abuse of discretion."). We have previously stated that "in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur." *Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d

---

[2] In 2022, the Kanawha County Prosecuting Attorney's Office was appointed as special prosecutor in the state habeas matter.

[3] The Fourth Circuit ultimately affirmed the district court's dismissal of the petitioner's federal habeas petition, noting that despite the prior delays in the petitioner's state habeas case, West Virginia's post-conviction system was not presently ineffective to protect the petitioner's rights given the habeas court's order summarily dismissing the petitioner's state habeas petition. *Hicks v. Frame*, 145 F.4th 408, 418–19 (4th Cir. 2025).

656, 662 (2010); *see also Province*, 196 W. Va. at 483, 473 S.E.2d at 904 ("Where the lower tribunal[] . . . mak[es] only general, conclusory or inexact findings[,] we must vacate the judgment and remand the case for further findings and development."); *Dennis v. State of W. Va., Div. of Corr.*, 223 W. Va. 590, 593, 678 S.E.2d 470, 473 (2009) ("We previously have recognized that 'in most circumstances the failure to make specific findings of fact and conclusions of law regarding an issue raised in habeas proceedings . . . necessitate[s] a remand[.]'" (quoting *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 19, 528 S.E.2d 207, 215 (1999))). Accordingly, we vacate the circuit court's April 22, 2025, order and remand this matter to the circuit court with directions for the court to conduct any further necessary proceedings to address the petitioner's habeas claims and issue an order setting forth findings of fact and conclusions of law sufficient to allow meaningful appellate review in the event that petitioner elects to file an appeal.[4] The Clerk is directed to issue the mandate contemporaneously herewith.

For the foregoing reasons, we vacate and remand.

Vacated and remanded.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[4] The parties presume that the habeas court summarily denied the petitioner's habeas petition based upon his failure to comply with the court's order to provide a copy of his trial transcript. However, both parties state that a copy of the transcript has been located and is now available for the court to consider on remand.

3